UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

|  | : |  |
| ELM, INC., | : | Civil Action No. 14-4585 (SRC) |
|  | : |  |
| Plaintiff, | : | OPINION & ORDER |
|  | : |  |
| v. | : |  |
|  | : |  |
| VENMILL INDUSTRIES, INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

---

**CHESLER**, District Judge

     Plaintiff Elm, Inc. ("Plaintiff" or "Elm") filed this patent infringement action in the

District of New Jersey on July 21, 2014.  The Complaint alleges that Plaintiff, a Japanese

corporation, owns U.S. Patent No. 8,342,905 entitled "Optical Disk Restoration Method and

Apparatus" (hereinafter, the "'905 patent").  Defendant Venmill Industries, Inc. ("Defendant" or

"Venmill"), is, according to the Complaint, a Massachusetts corporation which produces and

offers for sale a disk cleaning product known as the VMI Hybrid Disk Restorer.  This product is

allegedly covered by at least one claim in the '905 patent.  At the time this action was initiated,

Venmill had already filed a declaratory judgment action against Elm in the United States District

Court for the District of Massachusetts, seeking a declaratory judgment that Venmill had not

infringed the '905 patent. (The Court will refer to that lawsuit, captioned Venmill Industries, Inc.

v. Elm, Inc., Civil Action No. 4:14-cv-40064, as the "Massachusetts Action.")  The

Massachusetts Action was filed on May 14, 2014.  Elm has moved in the Massachusetts Action

for dismissal based on lack of personal jurisdiction and for failure by Venmill to effect proper

1

service of process.  It appears that District Court in Massachusetts has not yet ruled on that motion.

Venmill has filed the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and (3) to dismiss the Complaint based on the "first-filed" rule.  Alternatively, Venmill requests that this patent infringement action be stayed until such time as a ruling is made in the Massachusetts Action on the issues of personal jurisdiction motion concerning and service of process.  Elm has opposed the motion, arguing that the first-filed rule does not apply because the Massachusetts Action was filed by Venmill in an attempt to preempt an infringement suit and/or because the Massachusetts Action cannot proceed due to deficiencies in service of process and personal jurisdiction over Elm.

It is clear that the Massachusetts Action was commenced first-in-time, over two months before the filing of the patent infringement action initiated here by Elm.  The first-filed rule, indeed, holds that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."  E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988).  The Third Circuit has observed that it "encourages sound judicial administration," "promotes comity," and "gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." Id.  It further observed that some circumstances, such as bad faith or forum shopping, may, however, justify departure from the first-filed rule.  Id. at 972.  The rule is grounded on equitable principles and calls upon a court to exercise its discretion in light of the individualized circumstances of a case.  Id. at 977.

The pendency of a motion to dismiss in the Massachusetts Action based on jurisdictional grounds renders the first-filed issue raised in this motion premature.  As the Third Circuit has

held, the rule applies only when there are overlapping cases in courts with "possession" of the subject.  Until the district court presiding over the Massachusetts Action determines whether it has authority over the matter and the parties before it, this Court is not in a position to consider a motion concerning whether this action should proceed.  The Court finds that it is appropriate to stay this action pending a ruling in the Massachusetts Action as to whether that case must be dismissed for lack of personal jurisdiction over Elm.  Once that motion is decided, the parties may make an application lift the stay and may thereafter make any appropriate motions as to this action.  Accordingly,

IT IS on this 30th day of October, 2014,

ORDERED that Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (3), or the in the alternative stay the action [docket entry 15] be and hereby is GRANTED IN PART; and it is further

ORDERED that this action is STAYED pending a ruling in the Massachusetts Action, as identified above, as to Elm's motion to dismiss for lack of personal jurisdiction; and it is further

ORDERED that Venmill shall file a letter advising this Court of the outcome of Elm's motion to dismiss in the Massachusetts Action within three weeks of the entry of that order in the Massachusetts Action; and it is further

ORDERED that, insofar as Venmill has moved for dismissal of this action, the motion is dismissed without prejudice to its being re-filed once the stay is lifted; and it is further

**ORDERED** that Elm's pending motion for leave to file a sur-reply as to Venmill's

motion to dismiss or stay this action [docket entry 19] is dismissed as moot.

                                                             s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER
                                                  United States District Judge