UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELM, INC., : | Civil Action No. 14-4585 (SRC) |
| Plaintiff, : | OPINION & ORDER |
| v. : | |
| VENMILL INDUSTRIES, INC., : | |
| Defendant. : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant VenMill Industries, Inc. ("VenMill") to stay this case pending resolution of the *ex parte* reexamination of U.S. Patent No. 8,342,905 (the "'905 patent.")  For the reasons stated below, the motion will be denied.

Plaintiff Elm, Inc. ("Plaintiff" or "Elm") filed this patent infringement action in the District of New Jersey on July 21, 2014.  The Complaint alleges that Plaintiff, a Japanese corporation, owns U.S. Patent No. 8,342,905, entitled "Optical Disk Restoration Method and Apparatus."  Defendant VenMill is, according to the Complaint, a Massachusetts corporation which produces and offers for sale a disk cleaning product known as the VMI Hybrid Disk Restorer.  This product is allegedly covered by at least one claim in the '905 patent.  At the time this action was initiated, VenMill had already filed a declaratory judgment action against Elm in the United States District Court for the District of Massachusetts, seeking a declaratory judgment that VenMill had not infringed the '905 patent; on April 22, 2015, the Massachusetts Court dismissed that action.

1

On February 18, 2015, VenMill applied to the USPTO for an *ex parte* reexamination of the '905 patent, asserting that six pieces of prior art raise a substantial new question of patentability for the patent claims at issue. On March 31, 2015, the USPTO granted the application. VenMill now moves to stay this action pending completion of the reexamination.

The parties do not dispute that, under Federal Circuit law, staying a patent case during reexamination is discretionary. Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed Cir. 2001). VenMill argues that this Court should grant a stay because, it says, statistics show that the reexamination is likely to result in cancellation or modification of at least some claims. This argument is unpersuasive. "A patent shall be presumed valid." 35 U.S.C. § 282. This Court understands § 282 to apply to the '905 patent: it is presumed to be valid.

VenMill also argues that Elm will not be prejudiced by a stay. Again, this is not persuasive. As Plaintiff notes, on average, it takes the PTO 39 months to issue a decision in *ex parte* reexamination proceedings. (See United States Patent and Trademark Office Statistical Data at 11, Krawczyk Dec. Ex. A.) One cannot reasonably state that a three-year delay in litigation does not work a prejudice.

In this case, this Court weighs heavily the evidence that suggests that VenMill is engaging in delaying tactics. One strong indicator of this is that VenMill did not seek reexamination under the speedier *inter partes* reexamination process established by the America Reinvents Act. VenMill concedes that, indeed, *inter partes* reexamination can "result in a more expeditious ruling" than an *ex parte* reexamination. (Def.'s Reply Br. at 8 n.3.)

In addition, the Court observes that VenMill appears to have substantially delayed its application for reexamination. VenMill states that this dispute arose out of a cease and desist letter sent by Elm to VenMill dated April 17, 2014, which asserted that VenMill infringed the

2

'905 patent.  (Def.'s Br. 2.)  VenMill did not apply for reexamination until February 18, 2015, ten months later.  This looks like foot-dragging – especially since, as Elm observes, one of the pieces of alleged prior art is a 2008 patent application for one of VenMill's own products.

Lastly, this Court notes that Venmill's first effort to resolve this dispute was through a declaratory judgment action in Massachusetts that was ultimately dismissed for lack of personal jurisdiction over Elm.  <u>Venmill Industries, Inc. v. ELM, Inc.</u>, Civil Action No. 14-40064, (D. Mass. April 22, 2015.)  Based on these three facts, this Court finds a sufficient basis for concern that VenMill is engaging in unwarranted delay of the resolution of this dispute.  This Court determines that it is fairest and most efficient to allow the litigation to proceed.  The motion for a stay will be denied.

For these reasons,

**IT IS** on this 18th day of June, 2015,

**ORDERED** that Defendant's motion to stay the action pending patent reexamination (Docket Entry No. 32) is **DENIED**.

                                                        s/ Stanley R. Chesler
                                                   Stanley R. Chesler, U.S.D.J.