**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ELM, INC., | : | **Civil Action No. 14-4585 (SRC)** |
|  | : |  |
| Plaintiff, | : | **OPINION & ORDER** |
|  | : |  |
| v. | : |  |
|  | : |  |
| VENMILL INDUSTRIES, INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**CHESLER**, District Judge

      This matter comes before the Court on the motion for reconsideration by Defendant VenMill Industries, Inc. ("VenMill") of the Opinion and Order of this Court filed June 18, 2015, denying Defendant's motion to stay this case pending resolution of the *ex parte* reexamination of U.S. Patent No. 8,342,905 (the "'905 patent.")  For the reasons stated below, the motion for reconsideration will be granted.

      A motion for reconsideration may be granted "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  United States ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 848-849 (3d Cir. 2014); L. Civ. R. 7.1(i).

      VenMill had initially moved for reconsideration with the argument that there was a need to correct a clear error of law.  Subsequently, VenMill informed the Court that, on July 8, 2015,

the USPTO issued an office action which stated that claims 1, 2 and 4-12 of the '905 patent have been reexamined and rejected.  The office action states that the rejection is not final.  VenMill then asked that the Court reconsider its denial of the motion to stay on the basis of these changed circumstances.

Plaintiff Elm, Inc. ("Elm") responded by arguing that, despite this change in circumstances, this Court had been correct when it found that VenMill had been engaging in delaying tactics in this litigation.  While this may be true, the unexpectedly quick response from the USPTO to VenMill's application for *ex parte* reexamination greatly changes the weight to be given to that finding.  Now that the USPTO has quickly reexamined the patent at issue and rejected all the claims relevant to this litigation, a stay of this action is appropriate.  Elm argues that the USPTO rejection is not final and that it will contest the action, seeking further review from the PTAB if necessary.  This makes sense: given the change in circumstances, it is most efficient to stay the present case in the district court and allow litigation of the dispute to proceed within the USPTO.  Once the USPTO has made a final determination about the validity of the patent, the stay may be lifted and the litigation may continue in this Court.  This is the most efficient use of judicial resources.

For these reasons,

**IT IS** on this 6th day of August, 2015,

**ORDERED** that Defendant's motion for reconsideration (Docket Entry No. 45) is **GRANTED**, and the Order of this Court entered June 18, 2015 (Docket Entry No. 43) is hereby **VACATED**; and it is further

**ORDERED** that Defendant's motion to stay the action pending patent reexamination (Docket Entry No. 32) is **GRANTED** and this case is hereby **STAYED** pending completion of the patent reexamination process.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.
